United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| In re: | Case No. 18 BK 01399 |
|---|---|
| Jennifer G Dancel, | Chapter 13 |
| Debtor. | Hon. Jack B. Schmetterer |

**MEMORANDUM OPINION ON DEBTOR'S MOTION TO DISALLOW CLAIM #10 [DKT. NO. 27]**

Debtor, Jennifer G. Dancel ("Debtor") has moved to disallow the proof of claim of Creditor Old Republic Insurance Company c/o Republic Equity ("Creditor"), filed as claim #10 in this case.

For the reasons discussed below, Debtor's Motion will be granted by a separate order to be entered concurrently herewith.

## UNDISPUTED FACTS

1. Debtor filed the instant petition for Chapter 13 relief on January 17, 2018. [Dkt. No. 1]
2. Debtor's Chapter 13 plan was confirmed on March 7, 2018. [Dkt. No. 22]
3. The deadline for filing non-governmental proofs of claim in this case was March 28, 2018. [Dkt. No. 27]
4. Creditor filed its instant proof of claim #10 on October 17, 2018, several months after the filing deadline had passed. [Dkt. No. 27]
5. Creditor's proof of claim is based on an agreement to provide Debtor with a Home Equity Line of Credit, signed on December 6, 2005, and secured by Debtor's interest in the real property commonly known as 32 Cedar Drive, Wheeling, IL 60090 ("the Property"). [Dkt. No. 28]
6. Creditor was not the senior lienholder on the Property. [Dkt. No. 28]
7. On August 3, 2016, the senior lien holder on the Property initiated foreclosure proceedings in the Circuit Court of Cook County, Case. No. 2016 CH 10198. [Dkt. No. 27]

1

8. Creditor was named a party to the foreclosure proceedings and received summons in that case on August 10, 2016. [Dkt. No. 27, Exh. 3]

9. On October 2, 2017, the Circuit Court of Cook County entered a judgment of consent foreclosure pursuant to 735 ILCS 5/15-1402 of the Illinois Mortgage Foreclosure Law between the Debtor and the senior lienholder. [Dkt. No. 27]

10. Upon the filing of Creditor's proof of claim #10 on October 17, 2018, Debtor filed the instant Motion to Disallow Claim. In the Motion, Debtor argues that, pursuant to 735 ILCS 5/15-1509(c) of the Illinois Mortgage Foreclosure Law, a judgment of foreclosure extinguishes the claims of all parties to the foreclosure proceeding, unless it is specified that such a claim survives the foreclosure case. As Creditor was a party to the foreclosure proceeding, Debtor argues that any rights it might have had were extinguished when it went unmentioned in the consent judgment. [Dkt. No. 27]

11. Creditor filed its Response to the Motion on November 1, 2018. It argues that only the senior lienholder's deficiency claim was waived by the consent judgment, not its own. Essentially, Creditor argues that while its lien rights were extinguished because of the consent judgment, its right to seek a deficiency against the Debtor was never thereby lost. Creditor alternatively contends that even if Debtor's interpretation of the Illinois Mortgage Foreclosure Law is correct, unless Debtor can show that Creditor was properly given notice of the proposed consent judgment, it never had an opportunity to oppose the entry of such judgment or consent to the terms pursuant to 735 ILCS 5/15-1402(b). With regards to its late filed proof of claim, Creditor argues that it never received notice of the bankruptcy filing,

2

but quickly filed its proof of claim when it discovered that Debtor had filed her bankruptcy petition. [Dkt. No. 28]

12. Debtor filed her Reply on November 2, 2018. She argues that Creditor was not entitled to receive notice of the consent judgment, contrary to its argument. Pursuant to 735 ILCS 5/15-1402(a), Debtor argues that notice of a consent judgment need only go out to parties not in default. As Creditor had not filed an appearance or taken any other action in the foreclosure proceeding, after 30 days, Creditor was in default and not entitled to notice of the motion for entry of a consent judgment of foreclosure. Moreover, Debtor indicates that, contrary to Creditor's assertion, it *was* served with the notice of motion and motion for entry of consent judgment of foreclosure, and again, did nothing in the foreclosure case. As a result, Debtor argues that Creditor's lien rights and deficiency claims were extinguished pursuant to the operation of the Illinois Mortgage Foreclosure Law. Finally, Debtor argues that the entry of a foreclosure judgment also bars a cause of action related to the promissory note when it arises from the same operative facts. *First Midwest Bank v. Cobo*, 2017 IL App. (1st) 170872. [Dkt. No. 29]

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court refers bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## DISCUSSION

### I. The Consent Judgment Entered in State Court Extinguishes All of Creditor's Claims With Regards to the Property

Creditor's initial argument, that it did not receive notice of the proposed consent judgment, appears to be facially incorrect. Attached to Debtor's Reply as Exhibit 1 is the notice of motion and motion for entry of consent judgment. On that notice of motion, "Old Republic Insurance Company, C/O John R. Heitkamp" is clearly listed. That document is of record [Dkt. No. 29, Exh. 1] and judicial notice taken thereof. It therefore does not matter whether Creditor was in default within the meaning of 735 ILCS 5/15-1402(a)(2): it is undisputed that Creditor had notice of the foreclosure proceeding. Based on Exhibit 1 to Debtor's Reply, it appears that Creditor also had notice of the motion for entry of consent judgment of foreclosure, contrary to its assertion that it never had an opportunity to object to the terms of the agreement.

As Debtor indicates, the plain language of the Illinois Mortgage Foreclosure Act indicates that Creditor is indeed bound by terms of the consent judgment because it was a party to the foreclosure proceeding. In relevant part, that statute states that:

> (c) Claims Barred. Any vesting of title by a consent foreclosure pursuant to Section 15-1402 or by deed pursuant to subsection (b) of Section 15-1509, **unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure** and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure in accordance with paragraph (2) of subsection (c) of Section 15-1502, notwithstanding the provisions of subsection (g) of Section 2-1301 to the contrary.

735 ILCS 5/15-1509(c) (emphasis added).

4

Thus, given that it is undisputed that Creditor was a party to the foreclosure proceeding, and that it appears Creditor did have notice of the motion for entry of a consent judgment, Creditor is bound by the terms of the consent judgment. The only question is what the effect of that consent judgment is on Creditor's rights.

As Debtor has already indicated, the plain language of 735 ILCS 5/15-1509(c) indicates that "**all claims**" of a party to the foreclosure are extinguished pursuant to a consent judgment unless otherwise noted. Nowhere in the statute, contrary to Creditor's argument, does there appear an exception for deficiency claims. The long-held rule of statutory construction is first to rely on plain language of the statute itself to effectuate legislative intent. *Gaffney v. Board of Trustees*, 2012 IL 110012 ¶ 56. The plain language of the statute at issue here leaves no room for interpretation: "all claims," including those based on notes accompanying the mortgage, are barred for all parties to the foreclosure proceeding. Had Creditor participated in the foreclosure proceeding and sought an exception in the consent judgment, its claim may have been preserved. Instead, as Debtor has repeatedly pointed out, Creditor chose to "stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings." *Matter of Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990).

Even if Creditor were correct that its dollar claim based on the accompanying notes was not plainly barred by the Illinois Mortgage Foreclosure Law, it is certainly barred by Illinois precedent. In *First Midwest Bank v. Cobo*, 2017 IL App (1st) 170872, the Illinois court held that, "the same set of operative facts gave rise to the causes of action in the foreclosure complaint and the breach of note complaint." It further held that, "[i]t makes no difference whether plaintiff's theory of relief was based on

5

foreclosure sale and deficiency judgment, or enforcement of the note itself, where both complaint sought to obtain what defendants owed plaintiff under the terms of the note due to default." *Id.* at ¶ 25. The *Cobo* court ultimately found that because the same set of operative facts gave rise to both the foreclosure theory and the breach of note theory, *res judicata* applied, regardless of whether two different theories of relief had been asserted. *Id.*

The instant case is factually very similar. Creditor's foreclosure claim (insofar as it existed before the entry of the consent judgment) and its breach of note claim (which Creditor continues to believe it may proceed on) arise out of the same operative facts: Debtor's non-payment on the Home Equity Line of Credit. Therefore, as in *Cobo*, even if Creditor's claim based on the accompanying note exists contrary to the plain language of the Illinois Mortgage Foreclosure Law, it is barred by *res judicata* because it arises from the same set of facts as its foreclosure claim which, as discussed above, was absolutely extinguished due to the entry of the consent judgment.

## II. Creditor's Late Filed Proof of Claim

In her initial Motion, Debtor also argues that Creditor's claim should be disallowed for being filed well beyond the deadline in this Chapter 13 case. Creditor responded to this argument stating that it did not receive notice of the initiation of the bankruptcy and filed its proof of claim as soon as it practicably could.

The Debtor's Motion to Disallow Claim #10 is being granted on other grounds, and because this issue has not been fully briefed and evidence has not been taken as to whether or not Creditor was properly notified of the bankruptcy filing, the Court declines to rule on this issue and deems it waived.

## CONCLUSION

For the foregoing reasons, Debtor's Motion to Disallow Claim #10 will be granted by separate order to be entered concurrently herewith, and that claim is entirely disallowed.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of February, 2019